SAMUEL LEVY AND ESTHER LEVY, HIS WIFE, SUING ON BEHALF OF THEMSELVES AND ALL OTHER MEMBERS, POLICY HOLDERS AND CREDITORS OF THE DEFENDANT, THE MUTUAL LIFE INSURANCE COMPANY, WHO SHALL COME AND SEEK RELIEF BY THIS SUIT, APPELLANTS, *v.* THE MUTUAL LIFE INSURANCE COMPANY, RESPONDENT.

*Complaint by a policy-holder simply alleging an unlawful act by an insurance company, which would justify proceedings for its dissolution by the State, is demurrable.*

A complaint alleging the incorporation of a mutual life insuranc ecompany, that it had purchased land, and was engaged in the erection of a building upon it as an addition to a building previously erected and owned by it, and that this action upon its part was in excess of the authority conferred upon the company by its charter, and exposed it to an action by the attorney-general for its disso-

lution, where no special injury to the plaintiff or any other person insured by the defendant, and no inability on the part of the defendant, arising from such action on its part, to meet its obligations or engagements is alleged, does not state a cause of action, and a demurrer thereto on this ground will be sustained. *Uhlman* v. *New York Life Insurance Company* (109 N. Y., 421) followed.

APPEAL by the plaintiffs from a judgment sustaining a demurrer to the plaintiffs' complaint and directing the complaint to be dismissed, made at the New York Special Term, December 14, 1888, and entered in the office of the clerk of the county of New York.

*James A. Dennison*, for the appellants.

*Robert Sewell*, for the respondent.

DANIELS, J. :

It appears by the complaint that two policies of life insurance were issued by the defendant upon the life of Samuel Levy for the benefit of his wife. They amounted together to the sum of $30,000, and, as a ground of action, it was alleged that the defendant, which was incorporated under an act of the legislature of this State, passed April 12, 1842, had purchased land and was engaged in the erection of a building upon it as an addition to a building previously erected and owned by it, and that this was in excess of or beyond the authority conferred upon the company by its charter, and exposed it to an action by the attorney-general for its dissolution. No special injury to either of the plaintiffs, or any other person taking insurance from the defendant as a mutual insurance company, was alleged or shown by the complaint. It was not stated that the ability of the defendant to meet these, as well as all its other engagements, was or would be in any respect diminished or affected by the acquisition of the land or the erection of the building. But the sole peril to the plaintiffs was the possibility, or remote probability, that the attorney-general, for this exercise of authority, might institute and maintain an action to dissolve the company and forfeit its corporate rights. But even if that should be done no allegation was made of any apprehended inability to pay the amount of its policies out of the assets of the company. And it did not appear, consequently, that either of the plaintiffs had been or would be in any respect subjected to an injury requiring redress through an action

in their part. And under this state of facts the case of *Uhlman* v. *New York Life Insurance Company* (109 N. Y., 421), seems to be in principle a direct authority against the action.

The relief for which the plaintiffs applied, by their complaint, was that the defendant and its officers should be enjoined and restrained from further purchasing real estate to enlarge or add to the building in which its principal office was situated. But no statement was made in the complaint that any intention existed to purchase or acquire such additional real estate. And in the absence of that allegation, there was no reason for invoking the interposition of the court to prevent such a purchase. A further object of the complaint was to enjoin and restrain the defendant from erecting or making the additions proposed to its building and in process of erection. But no case was presented by the facts for this relief, for it appeared by the complaint that the company was already engaged in erecting and putting up the building. And no benefit whatever, either to the plaintiffs or to the company, would result from restraining its progress. On the contrary, it may well be inferred, from what has been set forth in the complaint, that such a restraint or interference would be not only an injury to the company, but might be to the plaintiffs themselves. A still further object of the action was a requirement that the directors of the company, who were not parties to it, should sell and dispose of the real estate which in this manner had been acquired. But a direction to make that sale and disposition has not been maintained by anything contained in the complaint. It does not appear that it could properly be made in the condition in which the work upon the land had been placed at the time of the commencement of the action, or that such a sale could be made without detriment or injury to the defendant, or that any loss or prejudice whatever would result to the plaintiffs if it should not be made.

Whatever was done in the acquisition of this land and the commencement of the building, is reasonably to be inferred to have been done by the officers or trustees of the company. If any misconduct has taken place, it has been the misconduct of these persons. And the action should have been against them, if it could be maintained at all, for the vindication of any rights which had accrued to the plaintiffs and the protection of the corporation

itself. They, and they alone, are the wrong-doers if a wrong has been perpetrated and the powers of the company have been exceeded. And, as wrong-doers, the action should have been for their restraint, and not that of the company, which apparently has no more than submitted to what these officers have and are endeavoring to accomplish.

The judgment in the action was right, and it should be affirmed, with costs.

Van Brunt, P. J., and Brady, J., concurred.

Judgment affirmed, with costs.